UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| **Willard J. Harder,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**Building Materials Corporation of America d/b/a GAF Materials Corp.,**<br><br>　　　　　　**Defendants.** | Court File No. _____<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiff, Willard J. Harder, for his Complaint against Defendant Building Materials Corporation of America, states and alleges as follows:

## THE PARTIES

　　　　1.　　Plaintiff Willard J. Harder ("HARDER") is and was at all relevant times a citizen of the United States of America and a resident of Minnesota residing at 20355 Eaves Way, Farmington, Minnesota 55024.

　　　　2.　　On information and belief, Defendant Building Materials Corporation of America ("GAF") d/b/a GAF Materials Corporation, is a corporation of Delaware having a place of business at 1361 Alps Road, Wayne, New Jersey 07470.

## JURISDICTION AND VENUE

　　　　3.　　Jurisdiction over this action and venue are founded upon 28 U.S.C. §§ 1331, 1332 and 1338.

　　　　4.　　Personal jurisdiction in the United States District Court for the District of Minnesota is proper because HARDER is a resident of Minnesota and GAF maintains an

assumed name in Minnesota.  In addition, GAF has been doing business in Minnesota and has committed violations of United States Patent laws in the District of Minnesota.

5.  Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1391 in that HARDER is a resident of Minnesota and GAF does business in Minnesota and a substantial part of the events or omissions giving use to HARDER's claims noted herein occurred within the District of Minnesota.

## FACTUAL ALLEGATIONS

6.  HARDER conceived and reduced to practice a railing ball and railing for use as a part of a deck and stair to separate environmental areas.  The particular field of the invention relates to residential and commercial railings having upright laterally spaced balusters or spindles attached to the rails with baluster connectors.

7.  HARDER filed two United States Patent Applications on February 14, 2005 and April 28, 2008 in the United States Patent and Trademark Office titled RAILING and RAILING BALL, respectively, which included a specification and a drawing that disclosed structure and use of the railing and railing ball.

8.  U.S. Patent No. 7,748,686 issued July 6, 2010, herein the '686 Patent.

9.  HARDER is the inventor and owner of the '686 Patent and invention claimed therein.

10.  U.S. Patent No. 7,438,282 issued October 21, 2008 (herein "the '282 Patent").

11.  HARDER is the inventor and owner of the '282 Patent and invention claimed therein.

12. GAF has advertised, sold and continues to sell baluster connectors, balusters and railings that include Plaintiff's proprietary railing and railing ball as defined in the '686 and '282 Patents.

13. HARDER and GAF did not agree to nor execute any agreement concerning Plaintiff's property under the '282 Patent or the '686 Patent.

14. GAF, since at least July 2010, had notice of HARDER's '282 and '686 Patents.

15. GAF has not acquired any rights or license to make, use or sell railings or railing balls that include HARDER's proprietary railing or railing ball technology and rights concerning the '282 Patent or the '686 Patent.

## COUNT I

## PATENT INFRINGEMENT

16. HARDER hereby re-alleges and incorporates by reference paragraphs 1 through 15 above.

17. On October 21, 2008, United States Letter Patent No. 7,438,282 entitled RAILING (hereinafter "the '282 Patent") was duly and legally issued to HARDER.

18. The entire right, title and interest in and to the '282 Patent is owned by HARDER.

19. Upon information and belief, GAF has infringed, contributed to infringement, and continues to infringe one or more claims of the '282 Patent by its manufacture, use, offer for sale and sale of its baluster connectors and balusters.

20. GAF had notice of HARDER's '282 Patent since at least July 2010.

21.     Despite GAF's knowledge of the '282 Patent, GAF designed, manufactured and marketed the baluster connectors and balusters for construction of railings in Minnesota and throughout the United States.

22.     On information and belief, GAF's infringement of the '282 Patent has been intentional, willful, wanton and utterly unconcerned about the consequences or reckless.

23.     As a result of GAF's infringement of the '282 Patent, HARDER has suffered and continues to suffer substantial injury, including irreparable injury and monetary damages unless GAF is enjoined by this Court from infringing the '282 Patent and contributing to the infringement thereof.

## COUNT II

## PATENT INFRINGEMENT

24.     HARDER hereby re-alleges and incorporates by reference paragraph 1 through 15 above.

25.     On July 6, 2010, United States Letters Patent No. 7,748,686 entitled RAILING BALL (hereinafter "the'686 Patent") was duly and legally issued to HARDER.

26.     The entire right, title and interest in and to the '686 Patent is owned by HARDER.

27.     Upon information and belief, GAF has infringed, contributed to infringement, and continues to infringe one or more claims of the '686 Patent by its manufacture, use, offer for sale and sale of its baluster connectors.

28.     GAF had notice of Plaintiff's '686 Patent since at least July 2010.

29. Despite GAF's knowledge of the '686 Patent, GAF designed, manufactured and marketed the baluster connectors for construction of railings in Minnesota and throughout the United States.

30. On information and belief, GAF's infringement of the '686 Patent has been intentional, willful, wanton and utterly unconcerned about the consequences or reckless.

31. As a result of GAF's infringement of the '686 Patent, HARDER has suffered and continues to suffer substantial injury, including irreparable injury and monetary damages unless GAF is enjoined by this Court from infringing the '686 Patent and contributing to the infringement thereof.

## PRAYER FOR RELIEF

WHEREFOR, based upon the foregoing, HARDER seeks a judgment in his favor and against GAF on all claims in this matter, and respectfully requests that the Court issue the following relief against GAF:

1. That GAF be held to have infringed the '282 Patent;

2. That GAF be held to have infringed the '686 Patent;

3. That GAF, its respective agents, servants, employees, and divisions and those persons in active concert or participation with them, be enjoined from infringing the '282 Patent and the '686 Patent and contributing to infringement thereof, pursuant to 35 U.S.C. §284;

4. That GAF be ordered to pay HARDER all damages, together with costs and prejudgment interest suffered by HARDER as a result of GAF's infringement of the '282 Patent and the '686 Patent pursuant to 35 U.S.C. §284;

5. That the judgment for damages for infringement of the '282 Patent and the '686 Patent be trebled as authorized by 35 U.S.C. §284;

6. Damages in an amount to be proved at trial;

7. For an immediate restraining order preventing further infringement of the '282 and '686 Patents and preventing further damage to the Plaintiff, a preliminary injunction upon the expiration of any such restraining order, and thereafter a permanent injunction enjoining GAF, its officers, employees, agents, servants, and all others acting under or through the Defendant directly or indirectly, and preventing GAF from:

   a. making, using, offering for sale and selling baluster connectors and blusters that infringe the '282 and '686 Patents;

   b. contributing to the infringement of the '282 and '686 Patents; and

   c. otherwise engaging in the acts complained of in this Complaint;

8. That GAF be ordered to pay reasonable attorney's fees; and

9. That the Court order such other and further relief as the Court deems just and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

Date:  June 20, 2011          WILLARD J. HARDER

        By: s/ Richard O. Bartz
         BARTZ & BARTZ, P.A.
         Richard O. Bartz (005174)
         Richard J. Bartz (166364)
         6950 France Avenue South, Suite 119
         Edina, Minnesota 55435-2024
         Tel.: (952) 920-3959
         Fax: (952) 920-6494
         E-mail:  bartzpa@bartzlaw.com
         **Attorneys for Plaintiff Willard J. Harder**